[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REVISED MOTION FOR CONTEMPT AND/OR ORDERS TO ENFORCE THE JUDGMENT (No. 125)
The court enters the following orders on the defendant's motion for contempt and/or orders to enforce the judgment.
1. The court finds no contempt on the part of the plaintiff.
2. The plaintiff shall pay to the defendant the sum of $2,794.22 as his half of the utility cost for the period November, 1988 to March, 1989, November, 1989 to March, 1990 within fifteen (15) days of the date hereof.
3. The plaintiff shall reimburse the defendant for one half the real estate taxes, delinquency charges, penalties and interest paid by her since the date of September 13, 1988, such amount to be paid within fifteen (15) days of the date hereof.
4. The plaintiff shall undertake to engage Hampton Roofing 
Siding to accomplish roof repairs upon the Remsenburg properties upon its amended proposal of $38,000.00 forthwith, the plaintiff to advance the sums and be reimbursed from the sale proceeds, all in accordance with the provisions of paragraph two of the judgment.
5. The defendant shall supply to the plaintiff her transfer agent's name and address to whom the Nicaraguan bonds can be transferred.
6. The plaintiff shall pay to the defendant the sum of Twenty-five Thousand ($25,000.00) dollars payable to her pursuant to paragraph 15 of the judgment, the same to be paid together with interest at 8 per cent from May 3, 1990 within fifteen (15) days of the date hereof.
7. The plaintiff shall complete the transfer of the properties at Punta de Este, Uruguay, Buenos Aires, Argentina and Paris, France by executing the appropriate legal documents to renounce any rights he may have had to these properties by virtue of the parties having been husband and wife. While there has been some difficulty in this regard, the parties shall cooperate to accomplish title in the defendant as expeditiously as possible.
8. The plaintiff, in error, has failed to continue medical and dental insurance coverage for the defendant as ordered by. paragraph 13 of the judgment. The defendant has had medical insurance coverage, however, in the interim period. The plaintiff shall determine the cost to the defendant for continued coverage under his plan as compared to her cost under her medical insurance plan. If the coverage under the plaintiff's plan is less than under the defendant's plan, CT Page 2738 the plaintiff shall pay the difference for the period September 13, 1988 to September 13, 1991. The plaintiff shall determine the amounts of coverage under his policy for dental insurance for the defendant as if she had been covered for the period provided by COBRA and 38-262(d) of the General Statutes and the costs of such coverage. The plaintiff shall then pay the defendant, upon presentation by her of itemized dental bills, the amount of such coverage on such bills less the cost for such coverage for all dental bills incurred by the defendant for the period September 13, 1988 to September 13, 1991.
 Said amounts as may be determined to date shall be paid within fifteen (15) days of today's date.
9. With regard to the provisions of paragraph 12 of the judgment, the plaintiff has supplied the defendant with a copy of a letter received from Steven E. Cohen of Martin H. Pearl Company dated May 31, 1990. It appears that there is only one further issue outstanding regarding income tax returns for the years 1978 through 1980. The court orders that plaintiff shall continue to keep the defendant advised with regard to this issue.
Each of the parties have requested counsel fees upon her and his motions for contempt. Each party's counsel has incurred the same amount of time in preparation and presentation. Since counsel fees would be allowed to each counsel and in like amounts, any order would be offsetting. The court, therefore, is denying each party's request for counsel fees.
Dated at Bridgeport, Connecticut, this 3rd day of October, 1990.
EDGAR W. BASSICK, III JUDGE OF THE SUPERIOR COURT
CT Page 2738